(May 29, 1922.)

C. O. HAINES, Appellant, v. SAMUEL W. ROWLAND,
Respondent.

[207 Pac. 428.]

SALE OF PERSONAL PROPERTY—RESCISSION—WARRANTY—RELIANCE ON
    —PLEADING.

    1. Generally, to rescind a contract an offer to return property
received · thereunder must be made before suit.

    2. In an action by the vendee of personal property for breach
of warranty it must be alleged that vendee believed and relied
upon, and purchased on the strength, of such warranty.

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Ed. L. Bryan, Judge.

   Action to recover on a check. From order overruling
motion for a new trial, plaintiff appeals. *Reversed.*

G. W. Lamson, for Appellant.

The answer does not state that respondent purchased the
cow relying upon any guaranty or that he was deceived
by the guaranties made. (*Abilene Nat. Bank v. Nodine,*
26 Or. 53, 37 Pac. 47.)

Respondent could not rescind the sale unless he actually
returned the cow to the place of purchase. (35 Cyc. 445;
*Nichols-Shepard Co. v. Rhoadman,* 112 Mo. App. 299, 87
S. W. 62.)

M. H. Eustace and Stone & Jackson, for Respondent, file
no brief.

DUNN, J.—Appellant brought this action to recover on
a check for $78.85 which was given him by respondent as the
purchase price of a cow. Payment on said check was
stopped by respondent for the reason, as claimed by him,
that appellant's warranty had failed. Respondent answered

the complaint and filed a cross-complaint alleging breach of said warranty and asking compensation for feeding and caring for said cow. The jury returned a verdict in favor of respondent allowing him the sum of $20. Appellant moved for a new trial, which the court denied, and from the order denying such motion he has appealed.

It will be necessary to notice only two of the grounds urged by appellant in support of his motion for a new trial.

The first is the refusal of the court to sustain appellant's objection to the introduction of any evidence in support of the cross-complaint because said cross-complaint "does not state a defense and does not state a cause of action on counterclaim or cross-complaint." The particular point in this objection is that the cross-complaint contains no averment that respondent relied upon the alleged warranty. This objection was well taken and should have been sustained. (35 Cyc. 376, 450, and cases cited.)

The other ground is that the evidence is insufficient to justify the verdict for the reason that it shows without dispute that respondent purchased the cow on condition that he could rescind the contract of sale by returning the cow, and there is no evidence that he ever returned or offered to return her.

In his cross-complaint respondent alleges that he purchased said cow on a warranty by the seller that she would give three gallons of milk per day and that if she did not conform to said warranty the purchaser could return her and receive the purchase price. It is undisputed that this was the agreement between the parties, and respondent admits that prior to the bringing of the action on the check, though claiming a breach of warranty and attempting to rescind, he had not offered to return said cow. Besides, he testifies that appellant offered to take the cow back if he would return her.

"Generally, to rescind a contract an offer to return property received thereunder must be made before suit." (13 C. J. 620, sec. 679; 35 Cyc. 445e; *Nichols-Shepard Co. v. Rhoadman et al.,* 112 Mo. App. 299, 87 S. W. 62; *Breshears*

*et al. v. Callender,* 23 Ida. 348, 356, 131 Pac. 15; 3 Williston on Contracts, sec. 1463.)

In this state of the record the motion for a new trial should have been granted, either of said grounds being' sufficient. Order. denying said motion is reversed and a new trial granted, with costs to appellant.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.